ROBERTSON, Justice:
The appellant, Bobbie G. Crocker, was indicted, tried and convicted in the Circuit Court of Neshoba County, of the crime of manslaughter, and was sentenced to serve a term of three years in the State Penitentiary.
On the night of September 22, 1968, Robert Chunn was badly beaten. He was found the next day about noon, lying in a muddy dirt road behind his automobile which was stuck in a roadside ditch. About 200 yards back of Chunn’s car, also stuck in the same roadside ditch, was the appellant’s pickup truck. When found, Chunn was unconscious and bloody with multiple facial and scalp contusions. Dr. R. F. Samson, pathologist, testified that in addition to deep bruises and lacerations on the face and head that all of his ribs, and even his breastbone, were fractured, that one of his fractured ribs had punctured a lung, and there was a large hemorrhage in the left lung.
In Dr. Samson’s opinion, Chunn’s injuries were the result of a severe beating, and the cause of death was a massive subdural hemorrhage, which is a hemorrhage over the surface of the brain between the brain and the skull. Another principal cause of death was pulmonary edema and congestion. The normal course would be for both of these injuries to become progressively worse and unless promptly relieved the patient would die.
There were footprints leading from the pickup to the car and back, and signs on the ground of a terrific struggle behind Chunn’s car.
One of the State’s witnesses testified that appellant admitted to him that he had hit Robert Chunn but did not intend to kill him. Another witness testified that the appellant admitted having a fight with Chunn but that Chunn was alive when he left him. Still another witness testified that appellant explained to him what caused the fight in these words:
“Robert asked him, says, ‘why can’t I go with your girl friend because you are going with mine?’ And that’s when the big fight started.
“Q. When the fight started, the big fight started?
“A. Right. He said that Robert wasn’t dead when he left and said he didn’t beat him with no water hose.”
There was strong circumstantial evidence pointing to the appellant as the assailant of Chunn. The appellant himself admitted that he had been drinking heavily that Sunday afternoon and was still drunk when Clinton Clark, who lived near the scene of the struggle, took him home about midnight. Appellant had walked across Clark’s pasture to his home, had awakened him and asked him to take appellant home since his pickup truck was stuck nearby.
*26 On the witness stand appellant admitted having two conversations with Chunn at the White House, a beer joint, about 5 :00 P.M., September 22nd, but that he remained at the White House until about 10:30 P.M. and that he got stuck on the way home. He denied that he had a fight or any kind of altercation with Chunn.
This conflicting evidence presented a typical jury question. It was up to the jurors to weigh the evidence, to decide which witnesses they would believe, and how much of the testimony of each witness they would believe. Their verdict is fully supported by the evidence.
There is no merit in the assignments of error and the judgment of the circuit court, based on the jury verdict, is affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER and SMITH, JJ„ concur.